**FILED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

OCT 21 2005

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

Losardo Lucas )
)
#N-61913 )
) Docket No. 05-CV-765-DRH
)
Tamms Correctional Center )
200 E. Supermax Road )
P.O.B. 2000 )
Tamms, Illinois 62988 )
)
)

---

**PETITION FOR WRIT OF HABEAS CORPUS**
**PURSUANT TO 28 U.S.C. §§2254**
**BY A PERSON IN STATE CUSTODY**

---

Losardo Lucas, Petitioner

vs.

Shelton Frey, Warden, Respondent

Petitioner Losardo Lucas, #N-61913, by and through his attorneys, Sonnenschein Nath & Rosenthal LLP, hereby brings this petition for writ of habeas corpus on the grounds that Petitioner was denied due process in prison disciplinary hearings that resulted in loss of good conduct credits in violation of the Constitution and laws of the United States.

## Background

1. Petitioner is currently confined at Tamms Correctional Center in Tamms, Illinois.

2. Petitioner was tried and convicted by a jury in Cook County Circuit Court, 2600 S. California Avenue, Chicago, Illinois on June 3, 1986.

3. Petitioner is serving an aggregated sentence of 42 years for murder, weapon possession and assault.

4. Petitioner pled not guilty of murder and guilty to possession of a weapon and aggravated battery.

5. Petitioner appealed his conviction in the Appellate Court of Illinois for the First Judicial District and his appeal was denied on June 20, 1988.

6. Petitioner filed a post-conviction petition in Cook County Circuit Court on December 30, 1993 and his petition was denied on March 16, 1995. His resulting appeal was denied on May 13, 1996.

## Grounds of Relief

7. Petitioner seeks federal habeas relief on the grounds that the Illinois Prisoner Review Board ("PRB") conducted at least twenty-five (25) disciplinary hearings that resulted in the loss of Petitioner's good conduct credits, but did not comply with due process requirements under the United States Constitution.

8. In Illinois, statutory good time and good conduct credits are revoked pursuant to 20 Ill. Adm. Code 107.150:

(a) Any committed person who is found guilty of misconduct or violating departmental rules or the terms of parole or mandatory supervised release may lose statutory good time or good conduct credits.

(b) Statutory good time may be revoked at the discretion of the Director upon the recommendation of the Adjustment Committee and the Chief Administrative Officer, or the Deputy Director of the Community Services Division.

(c) A maximum of 30 days of good conduct credits may be revoked from any committed person at the discretion of the Director during any 12 month period. <u>If the amount of credit at issue exceeds 30 days or when, during any 12 month period, the cumulative amount of credit revoked exceeds 30 days, the Department shall submit its recommendation to revoke good conduct credits to the Prisoner Review Board for approval.</u>

9. Pursuant to 20 Ill. Adm. Code 1610.170 (a), "The Board will decide cases where the amount of time at issue exceeds 30 days, or when, during any 12- month period, the cumulative amount of credit revoked exceeds 30 days."

10. Under Illinois law, the PRB conducts hearings on a monthly basis in conjunction with appearances for parole hearings and gives inmates face-to-face hearings. 20 Ill. Adm. Code 1610.170(c).

11. The loss of good conduct credits has a direct effect on the duration and length of a prisoner's confinement. As such, "the Courts have repeatedly concluded that the loss of good time credits will support a claim for the deprivation of due process." <u>Webb</u>

v, Anderson, 224 F.3d 649, 654 (7th Cir. 2000); Thomas v. McCaughtry, 201 F.3d 995, 999 n.4 (7th Cir. 2000).

12.   Federal law mandates that "when a state prisoner faces the loss of good time credits for alleged misconduct, he is entitled to those minimum procedures appropriate under the circumstances and required by the Due Process Clause of the Fourteenth Amendment to insure that the state-created right is not arbitrarily abrogated." Webb v. Anderson, 224 F.3d 649, 651-52. "The due process requirements of the Constitution must be complied with in any procedure that deprives a … prison inmate of earned statutory good time credits." Brooks-Bey v. Smith, 819 F.2d 178, 180 (7th Cir. 1987).

13.   The United States Supreme Court declared that in prison disciplinary hearings, due process entitled prisoners to (1) advance written notice of the charges against them at least twenty-four (24) hours before the hearing; (2) the opportunity to call witnesses and present documentary evidence in their defense when consistent with institutional safety and correctional goals; and (3) a written statement by the fact-finder of the evidence relied on and the reasons for the disciplinary action. Wolff v. McDonnell, 418 U.S. 539, 563-67 (1985).

14.   From September 4, 1986 to June 9, 1997, the PRB allegedly conducted 25 independent hearings to decide whether to revoke Petitioner's good conduct credits, subject to the Department of Corrections charges against him. The PRB's decisions resulted in the revocation of twelve years and two months of Petitioner's good conduct credits.

15.   Petitioner was never given 24 hours advance written (or oral) notice or a statement of the charges to be heard at the PRB hearings.

16.    The PRB failed to provide Petitioner with either an opportunity to call witnesses or to present documentary evidence in his defense where doing so would not have been inconsistent with institutional safety or correctional goals.  Furthermore, Petitioner never received a face-to-face hearing, as required by Illinois law.  See 20 Ill. Adm. Code 1610.170(c)(2).

17.    Petitioner never received a written statement by the PRB of the decisions made at the hearings or the reasons relied upon to make those decisions.  Petitioner had no knowledge of the existence of the PRB or its' decisions affecting the loss of his good conduct credits until he obtained his file through a Freedom of Information Act request and the payment of $43.50.

18.    Although Petitioner appeared at Prison Adjustment Committee hearings, Illinois regulations clearly require an independent, face-to-face hearing in front of the PRB in order to comply with due process.  See 20 Ill. Adm. Code 1610.170(c)(2). Due process rights are more critical at the stage of the PRB hearing because ultimately, the decision of the PRB will affect the prisoner's protected liberty interest in good conduct credits.  Elements of due process provided to Petitioner by the Adjustment Committee — a subordinate body conducting a separate hearing — is irrelevant and is not a substitute for constitutionally required due process at PRB hearings.

### Exhaustion of Remedies

19.    Petitioner filed a *Mandamus* Complaint on April 4, 2002 alleging that the PRB violated Petitioner's right to due process at hearings facilitated by them that resulted in the loss of 12 years and 2 months of Petitioner's good conduct credits.  The Complaint was dismissed on December 3, 2002.  See Case No. 02-MR-183.

20. On or about January 1, 2003, Petitioner filed a Motion to Reconsider in the same court. The Motion to Reconsider was denied on or about August 7, 2003.

21. On or about August 18, 2003, Petitioner filed a Notice of Appeal in the Appellate Court of Illinois, Fourth District. Petitioner filed the Appeal on or about September 24, 2003. The Appeal was denied on June 16, 2004. See Case No. 4-03-0746.

22. On July 19, 2004, Petitioner filed for Leave to Appeal to the Illinois Supreme Court on July 19, 2004. The Petition for Leave to Appeal was denied on October 6, 2004 without argument. See Case No. 98854.

23. Petitioner has fully exhausted all available remedies in state court and is now seeking relief in federal court.

24. Petitioner has not previously filed any petitions, applications or motion with respect to the issues herein in any federal court.

**Relief Requested**

25. The decisions made at PRB hearings resulted in the loss of twelve years and two months of Petitioner's good conduct credits. Due to this loss, Petitioner's release date is not until the year 2017. Absent this loss, Petitioner's release date would be March 1, 2006.

26. Petitioner hereby requests that all decisions rendered by the PRB that resulted in loss of petitioners good conduct credit be vacated and expunged from Petitioner's records, and all twelve years and two months of good conduct credit be restored.

**Declaration Under Penalty of Perjury**

I, Dana Orr, an attorney, certify to the best of my knowledge, information and belief, that this petition is in full compliance with Rule 11(a) and 11(b) of the Federal Rules of Civil

-7-

Procedure.  I also recognize that failure to comply with Rule 11(a) and 11(b) may result in sanctions, monetary or non-monetary, pursuant to Federal Rule of Civil Procedure 11(c).

Signed this 21st day of October, 2005.          Respectfully submitted,

By:

One of the Attorneys for
Petitioner Losardo Lucas

Terrance Norton
Dana Orr
SONNENSCHEIN NATH & ROSENTHAL LLP
8000 Sears Tower
233 S. Wacker Drive
Chicago, Illinois 60606
(312) 876-8000
Firm No. 90784