IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| **LOSARDO LUCAS,** | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil No. **05-765-DRH** |
| | ) | |
| **KEN BARTLEY,**[1] | ) | |
| | ) | |
| Respondent. | ) | |

## REPORT and RECOMMENDATION

**PROUD, Magistrate Judge:**

This Report and Recommendation is respectfully submitted to United States District Judge David R. Herndon pursuant to 28 U.S.C. §§636(b)(1)(B) and (C).

Losardo Lucas is an inmate in the custody of the Illinois Department of Corrections. He has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254, alleging that his due process rights have been violated by disciplinary proceedings in which he has lost good conduct credit. Respondent has filed a Response. **(Doc. 9)**. Petitioner filed a reply . **(Doc. 13).**

Lucas is serving an aggregate sentence of 42 years as a result of convictions for murder, possession of a weapon in a correctional institution, and assault. During the course of his lengthy incarceration in the IDOC, Lucas has been issued a number of disciplinary tickets which have resulted in the loss of good conduct credits. He alleges that good conduct credits totaling twelve years and two months have been revoked as a result of some 25 separate proceedings from 1989 through 1997. **Doc. 1, ¶14**.

---

[1] Ken Bartley is the current warden of Tamms Correctional Center. As he has custody of petitioner, he is substituted as respondent pursuant to Fed.R.Civ.P. 25(d) and Rule 2 of the Rules Governing Section 2254 Cases.

1

Illinois prisoners are entitled to statutory good conduct credit pursuant to 730 ILCS 5/3-6-3.  The parties agree that this statutory entitlement creates a liberty interest subject to due process protection under ***Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963  (1974)**.  The dispute here is as to the forum in which the due process requirements must be met, i.e, before the prison adjustment committee, or before the prisoner review board.

Petitioner admits that he "appeared at Prison Adjustment Committee hearings."  **Doc. 1, ¶18**.  The petition does not make any claim that he was denied due process in connection with the adjustment committee hearings.  Nor does he make any claim that he was not, in fact, guilty of the disciplinary charges against him.  Rather, he claims that his good conduct credit was revoked in violation of his due process because he was not afforded the due process mandated by ***Wolff, supra,*** when the prisoner review board reviewed and approved the recommendations made by the adjustment committee to revoke his good conduct credits.

Petitioner filed a mandamus action in state court, alleging that his due process rights were violated by the PRB proceedings.  The complaint was dismissed, and petitioner appealed.  His appeal was denied, see, ***Lucas v. Taylor*, 349 Ill.App.3d 995, 812 N.E.2d 72 (4th Dist., 2004), attached to Doc. 9 as Ex. L**.   His petition for leave to appeal to the Supreme Court was denied.  **Doc. 9, Ex. N**.  Petitioner was pro se in state court, but is represented by counsel here.

### Applicable Law

A prison inmate may challenge the loss of good conduct credit by way of a petition for habeas relief.  ***Jackson v. Carlson*, 707 F.2d 943, 946 (7th Cir. 1983).**    Habeas is not, however, the equivalent of another round of appellate review of the state proceedings.  Federal courts do not review state court determinations of state law questions on habeas review.  ***Estelle v. McGuire*, 502 U.S. 62, 67-68, 112 S.Ct. 475, 480 (1991);  *Bloyer v. Peters*, 5 F.3d 1093, 1098**

**(7th Cir. 1993).**

**28 U.S.C. §2254(d)** restricts habeas relief to cases wherein the state court determination "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States" or " a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."

Inmates retain due process rights in connection with prison disciplinary proceedings, but such proceedings "are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." ***Wolff v. McDonnell*, 418 U.S. 539, 556, 94 S.Ct. 2963, 2975 (1974)**. The minimum requirements of due process in such proceedings are (1) receipt of written notice of the charges in advance of the hearing, (2) an opportunity to be heard before an impartial decision maker, (3) the right to call witnesses and present evidence where same will not be unduly hazardous to safety or correctional goals, and (4) a written statement as to the evidence relied on and the reason for the decision. ***Wolff*, 418 U.S. 563-567, 94 S.Ct 2978-2980**; ***Henderson v. U.S. Parole Commission*, 13 F.3d 1073, 1077 (7th Cir. 1994).**

### State Court Decision on Mandamus Petition

In petitioner's mandamus case, the appellate court described in detail the procedures under which the prison disciplinary system operates. "If an inmate is charged with a disciplinary violation, the adjustment committee must hold a hearing within 14 days and afford the inmate procedural due process. 20 Ill. Adm.Code § 504.80(a)....If the adjustment committee finds the inmate guilty, it may recommend, inter alia, revocation of the inmate's good-conduct credits. 20 Ill. Adm.Code § 504.80(k)(4)(F)." If revocation of good conduct credits is recommended, the

3

adjustment committee's summary is sent to the warden and the director of the IDOC for review and approval. The warden and the director may reduce, but not increase, the recommended punishment. If the recommendation is for revocation of more than 30 days of good conduct credit, the recommendation must also be reviewed by the prisoner review board, pursuant to 730 ILCS 5/3-6-3(c) and 20 Ill. Adm.Code § 107.150(c). However, the prisoner review board can only approve the recommendation of the director, or approve revocation of less time that was recommended by the director; 730 ILCS 5/3-6-3(c) prohibits the prisoner review board from revoking more time that the director recommended. ***Lucas*, 812 N.E.2d at 76-78.**

20 Ill. Adm. Code 1610.170(a), states that the PRB will "decide" cases where the director has recommended a revocation of more than 30 days, or where the cumulative amount of time revoked in a twelve month period exceeds 30 days. The only actions that the PRB can take under this section are to concur with the recommendation, deny the recommendation, or reduce the amount of time revoked. Subsection (b) of the regulation states that the criteria to be considered include:

> "1) Mitigation surrounding the incident.
>
> 2) Past record involving discipline.
>
> 3) Is the request consistent with past practices?
>
> 4) Is the recommendation consistent with the Department's Administrative Regulations 804 and 845?"

20 Ill. Adm. Code 1610.170(b).

The state court affirmed the dismissal of Lucas' mandamus action because he was afforded the *Wolff* due process requirements at the adjustment committee stage, and he was not entitled to receive those requirements at the PRB stage. The court summarized its conclusion as

follows:

> Plaintiff is entitled to due-process safeguards before the adjustment committee can revoke his good-conduct credits, but the PRB merely provides an "extra layer of procedural protection" to the DOC hearing because it cannot increase the penalty beyond DOC's recommendation. As plaintiff does not allege the adjustment committee failed to provide him the process he was due, his claim of mandamus fails to establish a fourteenth amendment violation on this ground.

***Lucas*, 812 N.E.2d at 79.**

## Analysis

Lucas does not cite to any published case from the Seventh Circuit, or from any other circuit, which supports his position. This court's independent research has not located such a case either.[2]

Petitioner states that a good argument could be made that the Illinois system is "very similar to the procedural setup that was described by the court in Meyers v. Alldredge, 492 F.2d 296, 302-03 (3rd Cir. 1974)." **Doc. 13, p.4**. That citation is irrelevant to the issue at hand. First, *Meyers* was decided on February 14, 1974, and predated *Wolff*, which was not decided until June 26, 1974. Secondly, while the process for prison discipline at issue in *Meyers* was similar to the Illinois procedure in that it involved two separate boards, there is a critical difference. *Meyers* involved the discipline procedures at Lewisburg Federal Penitentiary. There, the first board to consider the charges did not make any decision at all as to whether good conduct time should be revoked. Rather, cases involving more serious violations were referred to a second board, which considered and decided whether to revoke any time. Thirdly, and most critically, *Meyers* did not involve the issue which is raised by Lucas here. In *Meyers*, the petitioners

---

[2]Petitioner cites several unpublished orders, which were denominated by the Seventh Circuit as "nonprecedential dispositions." These orders predate January 1, 2007, and should not be cited. See, Fed.R.Civ.P. 32.1 and Circuit Rule 32.1. This court has nevertheless examined the orders, and finds that they are of no relevance.

5

claimed that they did not receive "an impartial tribunal, adequate notice, the right to confront and cross-examine witnesses, and the right to counsel" at *any* point in the process. **Meyers**, 492 F.2d **at 303.** Lucas, however, is not claiming that he was denied the requirements of due process at *any* point. He does not claim that the adjustment committee proceedings violated **Wolff**. He claims only that he should have been afforded the **Wolff** procedural protections at the second stage of the proceedings, before the PRB. Thus, his citation to **Meyers** is of no assistance in resolving the issue presented here.

This court's independent research also indicates that the only Illinois state court case to consider the precise issue raised here is petitioner's own case, **Lucas v. Taylor, 349 Ill.App.3d 995, 812 N.E.2d 72 (4th Dist., 2004)**.

The state court correctly identified **Wolff v. McDonnell, 418 U.S. 539, 94 S.Ct. 2963 (1974)** as the pertinent authority. Because the decision by the state court was not contrary to nor an unreasonable application of **Wolff**, the petition for habeas relief must be denied.

The state court recognized that, under **Wolff**, petitioner has a liberty interest in receiving his good conduct credit, which is subject to certain due process protections. The Illinois state court understood **Wolff** to require certain due process procedures in connection with the proceedings before the *fact-finding body* in the prison disciplinary system. This is a correct understanding.

In **Wolff**, the Supreme Court explained, "The touchstone of due process is protection of the individual against arbitrary action of government. [internal citation omitted.] Since prisoners in Nebraska can only lose good-time credits if they are guilty of serious misconduct, the determination of whether such behavior has occurred becomes critical, and the minimum requirements of procedural due process appropriate for the circumstances must be observed."

***Wolff*, 418 U.S. at 558, 94 S.Ct. at 2976.** In footnote 19, the Supreme Court referred to the "minimum procedural safeguards as a hedge against arbitrary determination of the factual predicate for imposition of the sanction." The Court also noted "the fact that procedures are related to the integrity of the factfinding process." ***Wolff*, 418 U.S. at 573-574, 94 S.Ct. at 2983.**

The state court determined that, as a matter of state law, the prisoner review board "is not the fact-finding body in charge of revoking good-conduct credits but instead has been set up as the 'board of review for cases involving the revocation of good[-]conduct credits.' 730 ILCS 5/3-3-1(a)(2)." *Lucas*, **812 N.E.2d at 78.** The state court held that the *Wolff* due process procedures must be afforded to inmates in connection with the adjustment committee proceedings because the adjustment committee is the fact-finding body, but that such procedures are not required in connection with the review function performed by the prisoner review board. *Lucas, Id.*

Petitioner concedes that this court cannot grant him relief because of an error of state law. **See, Petitioner's Reply, Doc. 13, p.4.** However, he argues that the state court committed an "obvious error" by merging the meanings of the terms "recommend" and "decide," and that such "obvious error" amounts to an erroneous or unreasonable application of *Wolff*. He expresses his argument as follows:

> In fact, the PRB does have the authority to **decide** whether an inmate will lose good conduct credits in an amount over 30 days. 730 ILCS 5/3-3-2(a)(4); 20 Ill. Adm. Code 1610.170(a). The fact that its authority is exercised only when a **recommendation** is made from the Adjustment Committee does nothing to diminish its powers.

**Doc. 13, p. 7.** [emphasis in original.]

This argument does not sufficient to transform the state court's determination of state law into a federal constitutional question. The respective functions of the adjustment committee and

7

the prisoner review board are questions of state law which cannot support habeas relief.

Petitioner suggests that the Illinois state court's application of ***Wolff*** was unreasonable. The Seventh Circuit has observed that "This is a difficult standard to meet; 'unreasonable' means 'something like lying well outside the boundaries of permissible differences of opinion.' [internal citation omitted.] We have held that under this criterion, habeas relief should not be granted if the state court decision can be said to be one of several equally-plausible outcomes." ***Jackson v. Frank*, 348 F.3d 658, 662 (7th Cir. 2003).**

In this court's view, the state court's application of ***Wolff*** is not unreasonable. On the contrary, it is analogous to the application of ***Wolff*** approved in ***Northern v. Hanks*, 326 F.3d 909 (7th Cir. 2003)**. ***Northern*** involved disciplinary procedures in the Indiana prison system. Petitioner was afforded the ***Wolff*** due process procedures in connection with a hearing in front of the Conduct Adjustment Board, and he was found guilty of conspiracy and bribery. He was demoted to a status in which he would earn less good conduct credit. The Indiana system afforded him an appeal, and "although the reviewing authority affirmed the credit demotion, it modified the charge, stating that it believed the facts as set forth in the investigation report more appropriately supported a finding" that he was guilty of trafficking. ***Northern*, 326 F.3d at 910**. In his habeas petition, Northern claimed that ***Wolff*** was violated because he did not receive notice of the modified charge before the reviewing authority made its decision. The petition was denied because the notice that had been issued before the Conduct Adjustment Board hearing was sufficient to inform him of the facts underlying the charge, and those facts were sufficient to support a charge of trafficking. ***Northern, Id.***

The state court's application of ***Wolff*** in petitioner's case is comparable to the application in ***Northern*** in that, in both cases, ***Wolff*** was held to require due process procedures only at the

8

fact-finding stage, and not at the reviewing stage of the prison disciplinary system.

Lucas has not demonstrated that his due process rights were violated by IDOC disciplinary procedures.  He is not entitled to habeas relief.

### **Recommendation**

For the foregoing reasons, this Court recommends that Losardo Lucas' Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. §2254 be **DENIED**.

Objections to this Report and Recommendation must be filed on or before **May 1, 2007.**

**Submitted:  April 12, 2007.**


                                                        **s/ Clifford J. Proud**
                                                        **CLIFFORD J. PROUD**
                                                        **U. S. MAGISTRATE JUDGE**