IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**LOSARDO LUCAS,**

    Petitioner,

v.

**KEN BARTLEY,**

    Respondent.                      Case No. 05-cv-765-DRH

## MEMORANDUM & ORDER

**HERNDON, Chief Judge:**

Before the Court is petitioner Losardo Lucas' Application for Certificate of Appealability ("COA") (Doc. 27), made pursuant to **28 U.S.C. § 2253** and **FEDERAL RULE OF APPELLATE PROCEDURE 22**. Petitioner seeks to appeal the final judgment (Doc. 23) entered in this matter against Petitioner and in favor of Respondent, pursuant to the Court's Order (Doc. 22) denying Petitioner's § 2254 habeas petition.

When a petitioner is denied habeas relief by a district court, the final order in that proceeding will be reviewable by the court of appeals only when "a circuit justice or judge issues a certificate of appealability . . . ." **28 U.S.C. § 2253(c)(1)**. "The purpose of requiring a certificate of appealability is to conserve judicial resources by screening out clearly unmeritorious appeals." ***Buie v. McAdory*, 322 F.3d 980, 981 (7th Cir. 2003)**. Under **FEDERAL RULE OF APPELLATE**

**PROCEDURE 22(b)**), when ruling on a Motion for Issuance of a COA, the district judge who rendered the judgment sought for review on appeal "must either issue a certificate of appealability or state why a certificate should not issue." **FED. R. APP. P. 22(b)**.

Finding that a COA is warranted requires that "the applicant [make] a substantial showing of the denial of a constitutional right." **28 U.S.C. § 2253(c)(2)**. When the petitioner's habeas petition has been denied on the merits and not merely for procedural reasons, the Supreme Court has found that "the showing required to satisfy § 2253(c) is straightforward: the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, **529 U.S. 473, 484 (2000);** *see also Dalton v. Battaglia*, **402 F.3d 729, 738 (7th Cir. 2005)**("[R]easonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.")(quoting *Miller-El v. Cockrell*, **537 U.S. 322, 336 (2003)(internal citation omitted))**. While a petitioner seeking a COA need not demonstrate that he will prevail on appeal, he "must prove something more than the absence of frivolity or the existence of mere good faith on his or her part." *Miller-El*, **537 U.S. at 338 (internal quotes and citations omitted)**.

In his Application for COA (Doc. 27), Petitioner believes that he is

entitled to a COA because he was denied his constitutional right to due process. Specifically, he believes his appeal is warranted on two grounds: (1) the Illinois state courts acted contrary to United States Supreme Court authority in denying Petitioner's claim that he was denied the right to due process by the Illinois Prisoner Review Board ("PRB"); and (2) the Illinois state courts' incorrect interpretation of Illinois law constituted an unreasonable determination of the facts.

Petitioner is currently an inmate in the custody of the Illinois Department of Corrections ("IDOC"). The crux of Petitioner's § 2254 habeas petition was that the Illinois PRB had revoked many of his good conduct credits in violation of his due process rights.[1] Specifically, Petitioner alleged that the PRB conducted 25 independent hearings from the September 1986 through June 1997, resulting in the revocation of 12 years and two months of his good conduct credits. Further, Petitioner alleged the PRB failed to give him advance written notice of the charges against him at least twenty-four hours before the hearing, failed to provide him with a face-to-face hearing, failed to provide him with either the opportunity to call witnesses or to present documentary evidence, and failed to provide him with a written statement of its decision regarding the revocations. Petitioner contested that the PRB's failure to give him a hearing directly contradicted the plain language of Illinois statutes regarding revocation of inmate good conduct credits, as well as the United States Supreme Court's holding in ***Wolf v. McDonnell***, which found that an

---

[1] Before his habeas petition, Petitioner had raised the issue via mandamus with the Illinois circuit court, as well as on direct appeal to the Illinois Appellate Court and Illinois Supreme Court.

inmate's entitlement to good conduct credit creates a liberty interest for which he is afforded procedural safeguards under the due process clause of the Fourteenth Amendment. **418 U.S. 539, 557 (1974)**. Before these credits can be revoked, *Wolff* found that an inmate is entitled, at a minimum, these due process protections: (1) written notice of the claimed violation at least 24 hours in advance of the hearing; (2) the opportunity to call witnesses and present documentary evidence supporting their defense, when not unduly hazardous to institutional safety or correctional goals; and (3) a written statement by the factfinder as to the evidence relied on and the reason for the disciplinary action taken. *Wolff*, **418 U.S. at 564-66**.

Petitioner did not dispute that he was afforded such due process protections; his contention is that these due process protections were given for his hearings in front of the Adjustment Committee rather than the PRB, which simply reviewed and affirmed the findings of the Adjustment Committee to revoke his good conduct credits. Petitioner believes that under Illinois statute, he was entitled to a hearing in front of the PRB before his credits were revoked, arguing that a hearing in front of the Adjustment Committee should not serve as a substitute.

The Court disagreed, finding that the purpose behind *Wolff's* holding was that at least *some* type of hearing be conducted when seeking to deprive an inmate of a liberty interest, such as good conduct credits, as well as the other minimum due process protections outlined in *Wolff* (Doc. 22, p. 10). The Court noted that no dispute existed as to the fact that Petitioner was afforded the minimum

due process protections – only that these protections were given in regards to his hearing in front of the Adjustment Committee rather than the PRB (*Id.* at 11). The Court did not find the Illinois appellate court's assent to this process as being contrary to or unreasonably applying **Wolff** (*Id.*). The Court further recognized that it was not in the position to substitute its own judgment for that of the state courts, especially when considering the interpretation of Illinois state law (*Id.* at 12). Thus, the Court agreed that the Illinois appellate Court was correct in holding that IDOC did not act in contravention with either Illinois state law or **Wolff** when it afforded Petitioner due process protections during his hearing in front of the Adjustment Committee but not also during the PRB's review of the Committee's findings and recommendations (*Id.* at 13). As such, the Court denied Petitioner's request for habeas relief.

In his Application for COA (Doc. 27), Petitioner makes similar arguments to those made in his § 2254 habeas petition, again arguing that the state court's statutory interpretation of Illinois state law was incorrect and therefore contravened the holding in **Wolff**. Although the Court ultimately found these arguments to be unavailing, the standard for granting a COA application is different than for granting a § 2254 habeas petition. Now, Petitioner need only demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. In support of his arguments, Petitioner offers the case of **Williams v. The Illinois Prisoner Review Board**, No. 4-02-0564

**(Ill. App. Ct. May 19, 2003) (unpublished opinion)**, in which the dissenting opinion, written by Justice Appleton, agrees with Petitioner's point of view.

> In accepting the State's interpretation, however, I conclude the majority has adopted an understanding of the prison disciplinary process that might make sense but fails to give effect to the language the legislature used in the statutes.
>
> ***
>
> While the majority (citing *Duane*) correctly finds that the requirements of *Wolff* are met by the due process guarantees at the adjustment-committee level, I conclude that the legislature, by the language it used, requires the PRB to hold actual hearings in cases filed with it before affirming the decisions made by [I]DOC's own disciplinary apparatus. **See 730 ILCS 5/3-3-2(a)(4) (West 2000)**.
>
> ***
>
> It is not enough to provide due process (notice and a right to a hearing) at only one stage of the disciplinary system. Plaintiff's interpretation of the statutes would extend those due process guarantees throughout the continuation of the discipline process . . . . If the legislature wishes to reformulate the process to make the function of the PRB one of purely appellate review, it may do so. However, this court should not do so by its interpretation of the statute, which ignores the plain language of section 3-3-2(a)4) of the . . . Code.

Petitioner's own case was decided on appeal after the *Williams* case, and the Court notes that in Petitioner's appellate case, Justice Appleton concurred with the majority opinion, which found Petitioner was properly afforded due process protections in regards to his hearing in front of the Adjustment Committee and that "the PRB merely provides an 'extra layer of procedural protection' to the [I]DOC hearing because it cannot increase the penalty beyond [I]DOC's recommedation." *Lucas v. Taylor*, **812 N.E.2d 72, 79 (Ill. App. Ct. 2004)**. However, Petitioner has shown, via Justice Appleton's dissenting opinion in *Williams*, that it *is* possible that reasonable jurists would find the district court's assessment of the constitutional

claims debatable or wrong. Therefore, the Court **GRANTS** Petitioner's Application for Certificate of Appealability (Doc. 27) under **28 U.S.C. § 2253** . Accordingly, the Court hereby **CERTIFIES** as **APPEALABLE** the issue of whether the Illinois state courts acted contrary to United States Supreme Court authority in denying Petitioner's claim that he was denied the right to due process by the Illinois Prisoner Review Board ("PRB"). The Court directs the Clerk to send the Certificate to the Seventh Circuit Court of Appeals with Petitioner's Notice of Appeal and the file of the district court proceedings in this case, pursuant to **FEDERAL RULE OF APPELLATE PROCEDURE 22**.

    **IT IS SO ORDERED**.

    Signed this 30th day of December, 2008.

/S/   DavidRHerndon
**Chief Judge**
**United States District Court**